STATE OF LOUISIANA                    NO. 19-KA-378

VERSUS                               FIFTH CIRCUIT

EDGARD J. RIVAS                      COURT OF APPEAL

                                     STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-2199, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


May 21, 2020


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.


**CONVICTIONS AND SENTENCES VACATED; REMANDED**
    **MEJ**
    **FHW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Gail D. Schlosser
Lynn Schiffman
Blair C. Constant

COUNSEL FOR DEFENDANT/APPELLANT,
EDGARD J. RIVAS
Lieu T. Vo Clark

**JOHNSON, J.**

Defendant, Edgard J. Rivas, appeals his convictions and sentences for first degree robbery from the 24th Judicial District Court, Division "B". For the following reasons, Defendant's convictions and sentences are vacated, and the matter is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On April 10, 2017, the District Attorney for Jefferson Parish filed a bill of information charging Defendant with one count of armed robbery against Casey Rickert[1], in violation of La. R.S. 14:64 with a firearm enhancement under La. R.S. 14:64.3(A) (count four); one count of armed robbery against Ashly Watson Michel[2], in violation of La. R.S. 14:64 with a firearm enhancement under La. R.S. 14:64.3(A) (count five); one count of possession with intent to distribute a controlled dangerous substance (marijuana), in violation of La. R.S. 40:966(A) (count 10); and one count of battery upon a police officer producing an injury which required medical attention, in violation of La. R.S. 14:34.2 (count 13).[3] Defendant was arraigned and pleaded not guilty to the charged offenses on April 10, 2017. The defense filed various motions, including a motion to suppress identification and a motion to suppress confession, both of which were denied. On October 22, 2018, the trial court granted the State's motion to introduce similar crimes evidence pursuant to La. C.E. art. 404(B).

Also on October 22, 2018, the District Attorney amended the bill of information to correct a misspelling of the victim's last name in count four and to remove the firearm enhancement as to both counts of armed robbery (counts four

---

[1] The spelling was later amended to "Casey Ruckert."

[2] This spelling matches that found in the bill of information, amended bill of information, discovery receipt, and part of the jury charges. Her name is also spelled as "Ashley Watson" Michel in part of the jury charges, a minute entry, and transcripts of multiple testimonies. For purposes of this opinion, "Ashly" will be used.

[3] Counts one through 12 were charges against co-defendant Mario Geovani. Counts four, five, 10, and 14 were charges against co-defendant Carlos A. Ramos. Count 10 charged co-defendant Tiffany Shuff.

and five). On October 23, 2018, the District Attorney amended the bill of information to amend the possession charge to a misdemeanor offense under La. R.S. 40:966(C) (count 10) and to reduce the battery of a police officer charge to a misdemeanor offense (count 13).[4] Also on October 23, 2018, trial began before a 12-person jury for two charges of armed robbery.[5] Trial continued on October 24, 2018 and concluded on October 25, 2018. The jury, in 11-1 verdicts, found Defendant guilty of the lesser responsive verdicts of first degree robbery on both counts.

On November 21, 2018, Defendant filed a motion for new trial, a motion to reconsider sentence, and a motion for appeal.[6] In Defendant's motion for new trial, he argued, among other things, that the 11-1 verdict was illegal. Defendant stated in his motion to reconsider sentence that the sentence is excessive and harsh in nature. Before sentencing, on November 30, 2018, the court denied Defendant's motion for new trial. Also on November 30, 2018, the trial court sentenced Defendant to 30 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on each count of first degree robbery, to run concurrently with the sentence in case number 17-2200.[7] The same day, after sentencing, the trial court denied Defendant's motion to reconsider sentence. The

---

[4] Defendant was not rearraigned after these amendments.

[5] In case number 17-2199, the trial court addressed the misdemeanor charges of simple possession of marijuana (count 10) and simple battery of a police officer (count 13) by bench trial. The trial court found Defendant guilty on both charges and sentenced Defendant on November 30, 2018. The court also found Defendant guilty as charged in case number 17-2200 with respect to possession of drug paraphernalia. Defendant's sentences in both cases are to run concurrently.

[6] The motion to reconsider sentence and the motion for appeal were prematurely filed. Jurisprudence holds an untimely-filed motion for an appeal, *i.e.*, filed before sentencing, is "cured" when the motion is subsequently granted after sentencing. *See State v. Enclard*, 03-283 (La. App. 5 Cir. 6/19/03); 850 So.2d 845, 848 n.3 (finding the defendant's prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced); *State v. Hayes*, 01-736 (La. App. 5 Cir. 12/26/01); 806 So.2d 816, 818 n.2, *writ denied*, 02-0263 (La. 10/25/02); 827 So.2d 1169 (also finding the defendant's prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced). In such cases, the trial court "cures" this defect by granting the motion after sentencing the defendant. Here, while the motion for appeal was prematurely filed, it was granted after sentencing and was thus effectively cured. *See Enclard*, *supra*; *Hayes, supra*. *See* discussion of assignment of error number one regarding the premature motion to reconsider sentence.

[7] Defendant was also sentenced on the same day in case number 17-2200 to 15 days in parish prison for possession of marijuana, to run concurrently, and six months in parish prison for battery of a police officer, to run concurrently.

court granted Defendant's motion for appeal on December 4, 2018. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Defendant alleges the non-unanimous jury verdicts are invalid; the amended unanimous jury verdict law retroactively applies to his convictions; and, the trial court erred in denying his motion to reconsider sentence.

## LAW AND ANALYSIS

<u>Non-unanimous Jury Verdicts</u>

Defendant alleges that the jury verdicts in his convictions are invalid because they were rendered by a non-unanimous jury. Defendant argues that the non-unanimous verdicts violated the Sixth and Fourteenth Amendments of the United States Constitution. He states that, at the time the offense was committed, the non-unanimous jury provisions in La. C.Cr.P. art. 782(A) and art. 1, § 17(A) of the Louisiana Constitution were inconsistent with the Sixth and Fourteenth Amendments to the United States Constitution. We find merit to Defendant's assignment of error.

In *Ramos v. Louisiana*, --- U.S. ----, 140 S.Ct. 1390, --- L.Ed.2d ----, 2020WL1906545 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id.*, slip op. at 7, 2020 WL 1906545 at *6.

According to *Ramos*, Louisiana will have to retry defendants who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct appeal.

Based on *Ramos* and the fact that the instant case is on direct appeal, we find that, because the verdicts were not unanimous for the serious offenses before us, the convictions and sentences must be vacated. Defendant is entitled to a new trial. *See State v. Myles*, 19-965 (La. App. 4 Cir. 4/29/20); 2020 WL 2069885 (where on direct appeal, the Fourth Circuit vacated the defendant's conviction and sentence pursuant to *Ramos*, *supra*, and the case was remanded to the district court). The remaining assignments of error are pretermitted.

**DECREE**

For the foregoing reasons, we find that Defendant is entitled to a new trial. Accordingly, Defendant's convictions and sentences in the instant case are vacated, and the matter is remanded to the trial court for further proceedings.

## CONVICTIONS AND SENTENCES VACATED; REMANDED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 21, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 19-KA-378

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          GAIL D. SCHLOSSER (APPELLEE)          LIEU T. VO CLARK (APPELLANT)

**MAILED**
BLAIR C. CONSTANT (ATTORNEY)
LYNN SCHIFFMAN (ATTORNEY)
HONORABLE PAUL D. CONNICK, JR.
(ATTORNEY)
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053